Terry L. Wells, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

*Jeffrey M. Cook,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, February 27, 1984:

Petitioner, Terry L. Wells, appeals to this Court from the Pennsylvania Board of Probation and Parole's (Board) denial of his request for administrative relief. The sole ground for his appeal is that his recommitment as a technical parole violator was based exclusively on impermissible hearsay timely objected to at the Board's hearing.

Petitioner was arrested and charged with unlawful delivery of heroin on June 30, 1981, while on parole. He was convicted of that offense on November 18 of that year. Prior to his conviction, and following a full Board hearing held on September 8, 1981, Petitioner was recommitted for six months for technically violating the condition of his parole that he not use or possess drugs. At the technical violation hearing, the only evidence presented was the testimony of a State Police Officer who was working undercover at the time of

Petitioner's arrest. In his testimony the officer attempted to relate to the Board the details of a drug transaction between Petitioner and an informant. It was admitted by the officer that the transaction took place out of his view and that the details thereof were as related to him by the informant, that is, the informant told him that the Petitioner had sold her drugs. Thus, an objection to the officer's testimony placed on the record by Petitioner's counsel was ultimately sustained. The Board nonetheless found Petitioner guilty of the charged technical violation of his parole.

In its brief to this Court, the Board asserts that because the hearsay objection was sustained and Petitioner has made no specific challenge to the sufficiency of the evidence regarding his recommitment either in his petition for review or in his brief, then the denial of administrative relief should be affirmed. In conjunction with this argument the Board posits that the recommitment was based on circumstantial evidence separate and apart from the Trooper's hearsay testimony which, even if challenged, would suffice to warrant the Board's action.[1] After a review of the record, we find the Board's contentions to be without merit. The validity of the circumstantial evidence, *i.e.*, possession of heroin by the informant after, but not before, stepping out of sight with Petitioner is predicated solely on the State Trooper's hearsay testimony as to what the informant had told him inasmuch as it was also stated by the Trooper that there were other people who could conceivably have supplied heroin in the area to which Petitioner and the informant adjourned for the transaction. Since the record in this

---

[1] No attempt was made to establish the informant's desire to not appear at the Board hearing as good cause permitting the admission of the hearsay testimony. *See Sinwell v. Pennsylvania Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 429, 406 A.2d 597 (1979).

matter provides no support for the revocation of parole challenged herein which is independent of the Trooper's objected to testimony, a separate challenge to the sufficiency of the evidence supporting the Board's action is subsumed into the appeal alleging improper consideration of said testimony. And, as it is evident that the Board could only have reached the decision it did by improperly considering testimony ruled to be inadmissible hearsay, the order of the Board recommitting Petitioner as a technical parole violator must be vacated and the denial of administrative relief reversed. *Herring v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 156, 394 A.2d 1082 (1978).

In so deciding, we also reject the Board's alternative argument which refers us to *Donnell v. Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 265, 453 A.2d 36 (1982), and urges that Petitioner's subsequent conviction for possession of illegal drugs constitutes an independent basis for a revocation of Petitioner's parole for technical violations thereof because the possession of said drugs was the specific technical violation leading to the revocation of parole herein challenged. The Board, in essence, would have us treat the improper consideration of hearsay as harmless error. *Donnell,* however, is inapposite to the instant case. There, the unchallenged "independent bases" ruled as offsetting alleged due process violations were factors which were extant at the time of the revocation proceeding and which were considered by the Board in the rendering of its decision. Here, Petitioner's conviction (November 18, 1981) arose over two months *after* his recommital for technical violations (September 9, 1981). It was not a factor in that decision and cannot neutralize the Board's error. *Commonwealth v. Greenlee,* 263 Pa. Superior Ct. 477, 398 A.2d 676 (1979).

434

ORDER

Now, February 27, 1984, the denial of administrative relief by the Pennsylvania Board of Probation and Parole in the above captioned matter, dated March 10, 1983, is hereby reversed and the matter is remanded to the Board for recalculation of sentence consistent with the opinion above. Jurisdiction is relinquished.