John W. Campbell, Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security, Respondent.

Submitted on briefs November 30, 1983, to Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

*John W. Campbell,* petitioner, for himself.

*Richard L. Cole, Jr.,* Chief Counsel, with him *Richard C. Lengler,* Assistant Chief Counsel, and *Frank A. Fisher, Jr.,* Assistant Counsel, for respondent, Department of Labor and Industry.

*Steven O. Newhouse,* with him *Frank A. Fisher, Jr.,* Assistant Counsels, and *John D. Raup,* Chief Counsel, for respondent, Office of Employment Security of the Department of Labor and Industry.

OPINION BY JUDGE WILLIAMS, JR., March 1, 1984:

In a petition for review directed to our original jurisdiction, petitioner John W. Campbell, acting pro se, seeks equitable relief from actions of the respondent, Department of Labor and Industry, Office of Employment Security (Department). Before us now are the Department's preliminary objections to the petition for review.

In September, 1982, petitioner was appointed by the Department to the position of Intermittent Intake Interviewer, Unemployment Claims. His employment

was conditioned on the day-to-day need for his services, and by letter dated July 29, 1983, the Department notified him that he would be placed in no-pay status, effective August 1, 1983. This action was taken by the Department based on petitioner's seniority, which was computed pursuant to Article 29, Section 21 of the collective bargaining agreement then in effect between the Commonwealth and the Pennsylvania Employment Security Employees' Association,[1] the union of which petitioner is a member.

On August 3, 1983, petitioner filed grievances under the procedures set forth by the aforesaid bargaining agreement, alleging that the Department, in computing his seniority standing, had violated Section 7107 of the Military Code (Code)[2] by failing to take

---

[1] Article 29, Section 21 of the agreement provides:

a. Seniority rights of Intermittent Intake Interviewers will be governed exclusively by the provisions of this section.

b. Whenever the Employer determines that it is necessary to place Intermittent Intake Interviewers in no pay status, Intermittent Intake Interviewers in the applicable seniority unit are to be placed in no pay status in inverse order of seniority standing. *Seniority for this purpose shall be determined by the number of straight time compensable hours credited to an Intermittent Intake Interviewer, excluding overtime hours and any earned time off for which the Intermittent Intake Interviewer is compensated.* (Emphasis added.)

[2] 51 Pa. C. S. §7107. This Section states:

Whenever a reduction in force is necessary in any public position, or on public works of the Commonwealth and its political subdivisions, and personnel are discharged according to seniority *the number of years of service of any soldier shall be determined by adding his total years of service in the civil service or on public works to his total years of service as a member of the armed forces of the United States, or in any women's organization officially connected therewith during any war in which the United States engaged.* (Emphasis added.)

into account the time he had served in the armed forces during World War II. On August 9, 1983, he filed a petition for review with this Court in which he requested, *inter alia:* 1) reinstatement to his position as Intermittent Intake Interviewer, with backpay and benefits from August 1, 1983 to the present; 2) revision of the seniority list used for placing intermittent intake interviewers into no-pay status to reflect his military service; 3) an injunction restraining the Commonwealth from entering into any collective bargaining agreements which do not comply with Section 7107 of the Code; and 4) that any collective bargaining agreement presently in effect between the Commonwealth and the union which violates Section 7107 be declared null and void.

The Department interposed preliminary objections to the petition for review on September 15, 1983. On September 20, 1983, we ordered the preliminary objections to be submitted on briefs; we also directed the Department to file and serve its brief on or before October 7, 1983, and directed petitioner to file and serve his brief on or before October 28, 1983. Petitioner filed an answer to the preliminary objections on September 26, 1983, and the parties have filed and served their briefs.

Before reaching the Department's preliminary objections, we shall briefly address the following issues, all of which petitioner has raised for the first time in his brief.

First, petitioner submits that the preliminary objections should be dismissed because they were not filed within thirty (30) days of the service of the petition for review, as prescribed by Pa. R.A.P. 1516(c). It is undisputed that the petition for review was served on the Department on August 11, 1983, and that the preliminary objections were filed more than thirty

days thereafter, on September 15, 1983. However, petitioner has waived the untimeliness of the filing because he failed to raise it by preliminary objection to the preliminary objections. *See Hahnemann Medical College and Hospital of Philadelphia v. Hubbard,* 267 Pa. Superior Ct. 436, 406 A.2d 1120 (1979).

In addition, petitioner argues that the preliminary objections should be dismissed because the Department's brief was served on him on October 11, 1983, four (4) days later than this Court directed in its order of September 20, 1983.[3] We believe that petitioner has waived this argument, too, because he failed to raise it by motion to dismiss the preliminary objections. Furthermore, the four-day delay in service of the brief was neither a substantial nor flagrant disregard of the order in question; and petitioner has neither alleged nor suffered any prejudice by reason of the delay.[4]

We now turn to the preliminary objections, which, *inter alia,* challenge the jurisdiction of this Court to hear petitioner's equity action.[5]

The general rule is that neither the law side nor the equity side of a court has jurisdiction to entertain an action where an administrative remedy is statu-

---

[3] Petitioner has not questioned the timeliness of the filing of respondent's brief under that order.

[4] The lack of prejudice to petitioner is apparent. His brief was timely filed, and contains not only arguments directly responsive to the preliminary objections, but the additional arguments in support of their dismissal which we have just discussed, as well as others in support of their dismissal which are totally devoid of merit. He also included in his brief arguments on the merits of the case; but those arguments, of course, are not properly before us on preliminary objections.

[5] The preliminary objections also raise questions of failure to join a necessary party, misjoinder of causes of action, and demurrers.

torily prescribed. *Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976). Furthermore, under the doctrine of exhaustion of administrative remedies, one must exhaust all available administrative remedies before the right to judicial review arises. *Veerasingham v. Sharp,* 61 Pa. Commonwealth Ct. 460, 434 A.2d 221 (1981).

Section 903 of the Public Employe Relations Act (PERA)[6] mandates the use of arbitration for the settlement of disputes between public employers and public employees:

> *Arbitration* of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement *is mandatory.* The procedure to be adopted is a proper subject of bargaining with the proviso that the final step shall provide for a binding decision by an arbitrator or a tri-partite board of arbitrators as the parties may agree. (Emphasis added.)

Arbitration is not an improper remedy simply because an arbitrator might possibly make an invalid determination. *North Star School District v. P.L.R.B.,* 35 Pa. Commonwealth Ct. 429, 386 A.2d 1059 (1978). Furthermore, there is no reason to assume that an arbitrator will ignore the law and make a decision based on an interpretation of the bargaining agreement which conflicts with a fundamental policy of this Commonwealth expressed in statutory law. *Pennsylvania Labor Relations Board v. Bald Eagle Area School District,* 499 Pa. 62, 451 A.2d 671 (1982). For these reasons, even issues involving conflicts between a public sector collective bargaining agreement and fundamental statutory policies must be presented first

---

[6] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.903.

to arbitration for determination, subject to appropriate judicial review of any decision in conflict with such policies. *Id.*

In the present matter, petitioner has initiated grievance proceedings, but as of this time, his dispute has not been taken to the final step of arbitration, as required by both Section 903 of the PERA and the collective bargaining agreement. His grievance alleging that the Department violated Section 7107 of the Military Code must be submitted to arbitration before petitioner may seek judicial redress; and since he has not yet exhausted that mandatory remedy, this Court has no jurisdiction over the instant action in equity.

Accordingly, the Department's preliminary objections raising the question of jurisdiction are sustained, and the petition for review is dismissed.[7]

ORDER

AND Now, the 1st day of March, 1984, the preliminary objections raising a question of jurisdiction are hereby sustained, and the petition for review is dismissed.

---

[7] In light of our disposition of this matter on the jurisdictional question, we need not reach the other issues raised by the preliminary objections.