John Clair Lantzy, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 19, 1983, before Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*M. Jay Earley,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 31, 1984:

John Clair Lantzy (petitioner) petitions for review[1] of an order of the Pennsylvania Board of Probation and Parole (Board) dated December 17, 1982 which denied administrative relief from a Board recommitment order revoking his parole and recommitting him as a technical parole violator to serve backtime.[2] Petitioner alleges that the Board denied him due process of law when it accepted hearsay testimony at his violation hearing despite his objections which

---

[1] Petitioner originally filed an action directed to our original jurisdiction under 42 Pa. C. S. §761 and demanded a jury trial. On our own motion we treated the action as a Petition for Review of an order of a Commonwealth agency directed to our appellate jurisdiction under 42 Pa. C. S. §763. *See Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050 (1981).

[2] On November 12, 1982 we dismissed the initial action without prejudice due to petitioner's failure to exhaust his available administrative remedies under 37 Pa. Code §71.5(h). Under the doctrine of exhaustion of administrative remedies, which is applicable to the Board's parole revocation proceedings, one must exhaust all available administrative remedies before the right to judicial review arises. *See Campbell v. Pennsylvania Department of Labor and Industry,* 80 Pa. Commonwealth Ct. 558, 471 A.2d 1331 (1984). Petitioner reinstated his action after the Board denied administrative relief on December 17, 1982.

628

denied him the right to confront and cross-examine adverse witnesses. Petitioner also alleges the Board based its recommitment order on such hearsay evidence which constitutes a further violation of due process.

Petitioner was paroled by the Board on June 18, 1982 from the State Correctional Institution at Pittsburgh (SCI-Pittsburgh) on concurrent sentences imposed by the Courts of Common Pleas of Venango and Clearfield Counties. The longest of those sentences had a maximum term expiration date of May 1988. Petitioner was paroled to the Pittsburgh parole district.[3]

On June 26, 1982, petitioner was arrested by Pennsylvania State Police in Indiana County.[4] At the time of his arrest, arresting officers found a sawed-off shotgun in the vehicle in which petitioner was riding and several live shotgun shells were confiscated from petitioner. The officers observed an open quart-bottle of beer in the vehicle; and noted petitioner's breath smelled of alcohol, that petitioner's speech was slurred, and that petitioner had difficulty walking. Petitioner was charged with violating the Uniform Firearms Act[5] and confined in Indiana County Prison. The Board lodged its warrant against petitioner on June 30, 1982 charging him with technical parole violations.

A Violation Hearing was held before a Board hearing examiner on September 29, 1982 at the Indiana County Prison. Petitioner was represented by counsel who duly objected to the hearsay evidence attri-

---

[3] The Pittsburgh parole district comprises the counties of Allegheny, Fayette, Greene, Washington and Westmoreland. 1982 Annual Report—Pennsylvania Board of Probation and Parole, p. 23.

[4] Indiana County is in the Butler parole district which also includes the counties of Armstrong, Beaver, Butler, Clarion, Elk, Jefferson and Lawrence. Id.

[5] 18 Pa. C. S. §§6101-6119.

buted to Parole Agent Hasak and Pennsylvania State Trooper John Sokol who were not present at the hearing. The examiner found good cause for the absence of Trooper Sokol and Agent Hasak and received the evidence over defense counsel's objection. Also testifying was Pennsylvania State Police Lieutenant Glen Walp who was present at petitioner's June 26, 1982 arrest. On October 18, 1982 the Board recorded an order recommitting petitioner to serve fifteen months for violating general parole conditions 1 and 5B[6] and nine months for violating special parole condition 6[7] for a total of twenty-four months on backtime. The evidence relied upon by the Board to support the order was the testimony of Parole Agent Fred Becker, Lieutenant Glen Walp and petitioner.

Petitioner in his brief challenges the examiner's finding of good cause for Agent Hasak's absence based on an alleged Board policy which does not require parole agents to attend hearings held outside of a fifty mile radius centered at their district office. A review of the record indicates that while counsel objected to the admission of Agent Hasak's affidavit at the Violation Hearing, the issue was not raised in petitioner's administrative appeal to the Board nor in the Petition for Review filed in this Court. It is raised for the first time in petitioner's brief. Our scope of review of a Board recommitment order is limited by

---

[6] The general conditions of parole are found at 37 Pa. Code §63.4 and require that parolees remain in the district to which they have been paroled and not leave that district without prior written permission of the parole supervision staff (general condition 1) as well as refrain from owning or possessing any firearm or other weapon (general condition 5B).

[7] Section 23 of the Act of August 6, 1941, P.L. 861, 61 P.S. §331.23, specifically authorizes the Board to impose special parole conditions upon a parolee where individual circumstances warrant. Petitioner was given a special parole condition not to consume alcohol.

Section 703 of the Administrative Agency Law, 2 Pa. C. S. §703, to issues which were raised before the Commonwealth agency. Here, petitioner did not raise the issue of the adequacy of the good cause found for Agent Hasak's absence before either the Board in his administrative appeal or in his Petition for Review. Petitioner has articulated no reason for his failure to so raise that issue as to justify our consideration of it for good cause shown under 2 Pa. C. S. §703(a). Accordingly, because the petitioner failed to raise before the Board on administrative appeal the issue of good cause as to Agent Hasak we hold that the petitioner has waived that issue.

The issue of whether proper good cause existed to allow the hearsay attributed to Trooper John Sokol was raised before the Board. We note, however, that in both its recommitment order of October 18, 1982 as well as the denial of administrative relief of December 17, 1982, the Board indicated it did not consider any statement or evidence attributable to Trooper Sokol in determining whether petitioner violated the condition of his parole. As the Board excluded Trooper Sokol's evidence from consideration, the issue of whether the examiner erred in finding good cause to accept the hearsay is moot.

We now turn to petitioner's other contention that the Board based its recommitment order on hearsay evidence and cannot be upheld. *See Wells v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 430, 471 A.2d 929 (1984). We must now determine whether the Board's order is supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. If substantial evidence in the record supports the Board's order, we must affirm. *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

The testimony of Lieutenant Walp amply supports the technical violations that petitioner was in possession of a firearm and had consumed alcoholic beverages. Walp's testimony also places petitioner outside of the Pittsburgh parole district by being arrested in Indiana County. Agent Becker submitted a copy of petitioner's parole papers as well as a map signed by petitioner showing that he was paroled to the Pittsburgh parole district and the counties in which he may travel.[8] Finally, the affidavit of Agent Hasak[9] indicates petitioner did not have permission to travel outside of the Pittsburgh parole district and petitioner has not alleged that permission was in fact given. The backtime given by the Board for the two general condition violations is within the published presumptive range for multiple violations of general parole condition 5B which is six to eighteen months. 37 Pa. Code §75.4. The backtime given for the special condition, nine months, is within the Board's presumptive range of three to eighteen months for a special condition. 37 Pa. Code §75.3(f).[10]

For the foregoing reasons, we must affirm the Board's denial of administrative relief.

---

[8] N.T. 2-3, R. 2-3.

[9] In *Morrissey v. Brewer*, 408 U.S. 471 (1972) the United States Supreme Court expressly held that a parole board could consider affidavits, documents and letters at revocation hearings although such evidence would normally be excluded from a criminal trial. *Id.* at 489.

[10] The Board has interpreted 37 Pa. Code §75.3(f) which states violations of special parole conditions will be treated at least severely as the least serious of the general conditions as giving those violations a presumptive range of three to eighteen months. We have held that an agency's interpretation of its own regulations is controlling unless clearly erroneous or inconsistent with the statute. *Wiley House v. Scanlon*, 61 Pa. Commonwealth Ct. 8, 432 A.2d 324 (1981), *affirmed*, 502 Pa. 228, 465 A.2d 995 (1983). *See also Lewis v. Pennsylvania Board of Probation and Parole*, 74 Pa. Commonwealth Ct. 335, 459 A.2d 1339 (1983).

## ORDER

AND Now, the 31st day of May, 1984, the order of the Pennsylvania Board of Probation and Parole dated December 17, 1982 at Parole No. 5842-G denying administrative relief is affirmed.