532 A.2d 1236

David S. Barr, an individual, and 21st Century Appraisals, Inc., a Pennsylvania corporation, Petitioners *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Respondent.

Argued September 14, 1987, before Judges MAC-PHAIL and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*S. Paul Mazza,* for petitioners.

*Gwendolyn T. Mosley,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, October 29, 1987:

David S. Barr and 21st Century Appraisals, Inc.[1] (Petitioner) have filed in this court's original jurisdiction a "Petition for Equitable Relief and a Declaratory Judgment" (Petition) in which they seek to have us (1) enjoin the Pennsylvania State Real Estate Commission (Respondent) from enforcing the Real Estate Licensing and Registration Act (Act)[2] against Petitioners and others similarly situated and (2) grant a declaratory judgment that the Act does not apply to Petitioner and others similarly situated. Respondent has filed preliminary objections to the Petition which are now before us for disposition.

Petitioners provide real estate assessment services to a number of counties in the Commonwealth. On December 23, 1986, Respondent served Petitioners with an "Administrative Complaint and Order to Show Cause" which charged Petitioners with violating the Act by "acting in the capacity of a real estate broker without first being licensed as required by the Act." A hearing date was set for January 27, 1987. Petitioners sought a continuance of the hearing[3] which was denied on January 26, 1987. An objection was made to the denial of the continuance and the late notification of the denial. Apparently, the hearing was held as scheduled without Petitioners' participation.[4] On February 17, 1987, Peti-

---

[1] David S. Barr is the president of 21st Century Appraisals.

[2] Act of February 19, 1980, P.L. 15, *as amended,* 63 P.S. §455.101-455.902.

[3] Petitioners sought the continuance because of the illness of counsel and lack of time to prepare because of counsel's illness and the holidays.

[4] This information does not appear in Petitioners' petition. However, Petitioners so indicate in their brief. They also state that they have filed exceptions to the hearing examiner's report. Petitioner's brief at 4.

tioners filed their petition with this court. Respondents filed timely preliminary objections.[5]

Respondent's first objection is to the jurisdiction of this court. Respondent contends we lack jurisdiction because Petitioners have failed to exhaust their administrative remedies. Respondent also makes preliminary objections in the nature of a demurrer which we do not reach since we conclude for the reasons which follow that we are without jurisdiction to hear this matter at this time in our original jurisdiction.

Generally, a court does not have jurisdiction to address an action in law or in equity where an administrative remedy exists. *Campbell v. Department of Labor and Industry*, 80 Pa. Commonwealth Ct. 558, 471 A.2d 1331 (1984), *appeal quashed*, 507 Pa. 479, 490 A.2d 831 (1985). Petitioners contend they should not be required to exhaust their administrative remedies because: (1) Respondent has ignored case law that indicates a broker's license is not required to serve as an assessor for county tax assessment purposes; (2) Respondent has prejudged the facts and the law, making pursuance of any administrative remedy futile; and (3) the Act is unconstitutional because it takes Petitioner's property rights without compensation or due process.

Petitioners' first contention, that Respondent has ignored case law in pursuing its action against them, is subsumed in their second contention that pursuance of their administrative remedy would be futile. As our Supreme Court has instructed, " 'courts should not presume futility in the administrative appeal; on the contrary, they should assume that the administrative process will, *if given a chance, discover and correct its*

---

[5] Respondent's preliminary objections were filed on April 24, 1987. While this is after the 30 day limit of Pa. R.A.P. 1516(c), Respondent requested and was granted a longer time in which to respond to the petition.

*errors.' " Canonsburg General Hospital v. Department of Health,* 492 Pa. 68, 74, 422 A.2d 141, 145 (1980) (quoting B. Swartz, Administrative Law §172 at 499 (1976)) (emphasis added). Petitioners are currently involved in a case before Respondent. Petitioners may be correct in their assertion that the Act was not intended to apply to them and that Respondent erred in bringing a complaint against them. However, since the administrative process in this case is not yet complete, it would be premature for us to consider that issue at this time. Respondent must be given the opportunity to discover and correct any errors it may have made.

As to Petitioners' argument that the Act is unconstitutional, we note that there is an exception to the exhaustion of administrative remedies doctrine for constitutional attacks. *See St. Clair v. Pennsylvania Board of Probation and Parole,* 89 Pa. Commonwealth Ct. 561, 493 A.2d 146 (1985). To qualify under that exception "the attack must be made to the constitutionality of the statute or regulation as a whole and not merely to how the statute or regulation has been applied in a particular case." *Id.,* 89 Pa. Commonwealth Ct. at 570, 493 A.2d at 153. Petitioners assert that the Act is unconstitutional because if applied to them and others similarly situated, it will result in taking of property without compensation or due process of law. Petitioners do not contend that the Act is unconstitutional as applied to real estate brokers in connection with real estate transactions. In fact, Petitioners assert that they are exempt from the Act for the reason that their assessments are not made in connection with the buying and selling of real estate. We conclude the constitutional issue raised by Petitioners does not fall within the constitutional attack exception because the attack is to the constitutionality of the application of the Act against them.

Therefore, this court is without jurisdiction to consider Petitioners' requests for an injunction and a declaratory judgment. Accordingly, we sustain Respondent's preliminary objection to the jurisdiction of this court to consider this case.

## ORDER

AND NOW, October 29, 1987, the preliminary objection of the State Real Estate Commission relating to the jurisdiction of this court is sustained.