563 A.2d 988

**Thomas W. HITCHINGS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA STATE ETHICS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 3, 1989.

Decided Sept. 8, 1989.

---

**6.** 1 Pa.C.S. §§ 1501–1991.

Regis J. McNally, Pittsburgh, for petitioner.

Jerome T. Foerster, Deputy Atty. Gen., with him, John G. Knorr, III, Chief Deputy Atty. Gen., Chief, Litigation Section, and Ernest D. Preate, Jr., Atty. Gen., Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, BARRY, PALLADINO, McGINLEY and SMITH, JJ.

CRAIG, Judge.

Petitioner Thomas W. Hitchings appeals from an order of the Pennsylvania State Ethics Commission which held that the petitioner had violated various sections of the Act of October 4, 1978, P.L. 883, 65 P.S. § 401 et seq. (Ethics Act). The decision of this court is to remand for a hearing.

According to an investigation for the commission, the petitioner is employed by the City of Pittsburgh Fire Department as a fire captain. During the time in question, the petitioner was assigned as an arson investigator with the Arson Strike Team. In connection with the duties of his employment, the petitioner investigated a fire at the Arcade Theater in Pittsburgh, which occurred on February 5, 1984.

The petitioner filed a detailed written report of his investigation of the Arcade Theater fire, which concluded that the fire was deliberately set.

After the fire, the building owners filed two federal civil actions, one seeking recovery of fire insurance proceeds, and the second seeking damages for an alleged defamatory news broadcast by KDKA–TV, in which the owners were allegedly implicated in the arson burning of the Arcade Theater. In the fire insurance case, the petitioner testified on behalf of the insurance company, and received the standard witness fee. In the defamation case, the petitioner testified on behalf of KDKA–TV and received a fee of $650.00.

On September 28, 1988, after the investigation, the commission issued Order No. 679, the order here appealed, which declared that the petitioner had violated section 3 of the Ethics Act, 65 P.S. § 403, by using confidential information obtained through his public position for private gain, and section 4 of the Ethics Act, 65 P.S. § 404, by failing to file a statement of financial interest.

The pertinent issues raised by the petitioner are: (1) whether the order is illegal because it violates the Administrative Agency Law, 2 Pa.C.S. § 504; and (2) whether the order is void because it violates the due process and equal protection provisions of the United States and Pennsylvania Constitutions. The commission argues that the petitioner failed to exhaust the available administrative remedies.

However, because the commission here has issued a purported decision against the petitioner without having held a hearing to obtain evidence and without extending any opportunity for a hearing after the issuance of that decision, the commission's decision was not a valid adjudication, the commission's order must be vacated, and this case must be remanded to the commission with a direction that it conduct an administrative hearing in accordance with 51 Pa.Code §§ 2.34–2.38.

The Administrative Agency Law, 2 Pa.C.S. § 504, establishes the fundamental requisites for a valid adjudication as follows:

No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded *reasonable notice of a hearing and an opportunity to be heard.* All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings. (Emphasis added.)

The Pennsylvania Supreme Court, in *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 465, 431 A.2d 946, 948 (1981), clearly held that an agency's adjudication was not valid where it "failed to comply with the statutory requirements of notice of a hearing and an opportunity to be heard." In that situation, the courts must vacate and remand with a direction that the agency conduct a hearing.

The record here shows that the commission operated contrary to its own regulations in reaching its so-called decision condemning the petitioner.

The order in this matter contained the following language:

[T]his Order is final and will be made available as a public document 15 days after service (defined as mailing) unless you file documentation with the Commission which justifies reconsideration and/or challenges pertinent factual findings. See 51 Pa.Code § 2.38.

In that order, the commission *made no mention of a hearing;* it offered only "reconsideration," not a hearing, and the commission demanded "documentation"—not merely a request—in order to obtain such "reconsideration."

This court cannot hold that the petitioner failed to exhaust his administrative remedies when the only available remedy was "reconsideration" upon the condition of supplying documentation. In parlance commonly understood, "reconsideration" refers to a tribunal's act of giving additional thought to its decision, ordinarily without any further reception of evidence. For example, when this court grants

"reconsideration" of a decision, it reviews its order without reargument.

Moreover, the commission's order did not explain whether the "documentation" requirement meant merely that petitioner had to file some sort of pleading in order to persuade the commission to reconsider, or whether the order required the presentation of documentary *evidence*. If the latter meaning were intended, the commission certainly could not condition a hearing solely upon the availability of documentary evidence, as distinguished from testimonial evidence, because there is no legal basis for giving documentary evidence precedence over testimonial evidence in these cases.

When the regulation cited by the commission as relating to finality and reconsideration, 51 Pa.Code § 2.38, is examined in the context of all of the commission regulations, the unavoidable conclusion is that it refers to permissive reconsideration of an order issued *after evidence has been obtained at a hearing held before reaching that order*. That regulation does not deal with an opportunity for obtaining an initial hearing; in § 2.38(c) it expressly refers to the possibility that the commission could grant "rehearing." Thus, in context, it indicates that it contemplates only further proceedings as to an order already based upon a hearing.

This point becomes evident if the entire scheme of the commission regulations is examined from beginning to end. Starting with investigations, the pertinent sections of 51 Pa.Code are as follows:

§ 2.31   Investigation;  general power

§ 2.32   Commencement of investigations

§ 2.33   Conduct and disposition of investigations.

At this juncture, the commission staff may close the case (in various ways), refer the matter to a law enforcement officer for prosecution, issue an order warning of prosecution or, as stated at 51 Pa.Code § 2.33(d)(4)(iii), "conduct a fact-find-

ing hearing in accordance with the provisions of section 2.34 (relating to general)."

Thus the commission's own regulations do not contemplate the use of an order to show cause being issued at the end of investigation, to precede an initial hearing.

Thereafter, the regulations in 51 Pa.Code continue as follows:

§ 2.34  General [governing before whom the factfinding hearing shall be conducted]

§ 2.35  Hearing officer: powers/duties

§ 2.36  Conduct of hearing

§ 2.37  Briefs, exceptions to proposed report, oral argument

§ 2.38  Finality, reconsideration.

Hence the order of proceedings, as spelled out by the commission's own regulations, clearly calls for reconsideration only *after* the commission has reached an order pursuant to the *conduct of a hearing.*

In this case, the commission skipped over its commitment in § 2.33(d)(4)(iii) to conduct a factfinding hearing where it has neither closed the matter or referred it for prosecution. It reached findings of fact on a basis which disregarded due process.

Finally, the commission order in this case never extended a hearing opportunity. As quoted above, the order only offered opportunity for "reconsideration" or for challenging findings, by filing "documentation."

At that juncture, the commission's decision was in the same posture as the letter determination in *Callahan,* which the Supreme Court held to be an invalid adjudication, warranting a remand.

The reconsideration provision cited by the commission in its order, 51 Pa.Code § 2.38, speaks only in terms appropriate to having a factfinder reconsider a determination reached after a previous hearing, rather than in terms of providing an opportunity for an initial hearing. Section 2.38(b) reads as follows:

(b) Any party may ask the Commission to reconsider an order within 15 days of service to [sic] the order. The person requesting reconsideration should present a detailed explanation setting forth the reason why the order should be reconsidered. Reconsideration may be granted at the discretion of the Commission only where any of the following occur:

(1) A material error of law has been made.

(2) A material error of fact has been made.

(3) New facts or evidence are provided which would lead to reversal or modification of the order and where these could not be or were not discovered previously by the exercise of due diligence.

Nor can the commission's order be relabeled as an "Order to Show Cause" demanding an answer, as governed by 1 Pa.Code § 35.37. Because the commission did not entitle its decision as an "Order to Show Cause" or use any such language within it, there is no basis for invoking 1 Pa.Code § 35.37, the "show-cause" provision, against the petitioner, without informing the petitioner that failure to ask for "reconsideration" would constitute an acquiescence in the investigative report and an admission of the order's validity.

In accordance with *Callahan*, the commission's adjudication must be deemed to be invalid and incomplete under the Administrative Agency Law, 2 Pa.C.S. § 504, which unconditionally requires "reasonable notice of a hearing and an opportunity to be heard" in order to have a valid adjudication. The case must be remanded for the conduct of such a hearing in accordance with 51 Pa.Code §§ 2.34–2.38.

PALLADINO, Judge, dissenting.

I respectfully dissent. The approach of the majority opinion violates a fundamental rule of appellate review: issues not raised below are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a); 2 Pa.C.S. § 703. Where administrative proceedings are before an appellate court for review, we employ the doctrine of exhaustion of administrative remedies. An administrative order cannot

be challenged before an appellate court until all the steps of the statutory and administrative procedures have been exhausted.

Under the doctrine of exhaustion of administrative remedies, a party must exhaust all available administrative remedies before the right to judicial review arises. *Campbell v. Department of Labor and Industry, Office of Employment Security*, 80 Pa.Commonwealth Ct. 558, 471 A.2d 1331 (1984), *appeal quashed*, 507 Pa. 479, 490 A.2d 831 (1985). The rationale for this requirement is founded on the idea that when the legislature has established an administrative agency possessing expertise and broad regulatory powers, a court should be cautious in interfering in those matters which were intended to be considered initially by the administrative agency. *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 383 A.2d 791 (1977). This doctrine is not absolute. A court may exercise jurisdiction when the administrative remedy is inadequate and there is a substantial constitutional question raised which goes directly to the validity of the statute. *Borough of Green Tree v. Board of Property Assessments*, 459 Pa. 268, 328 A.2d 819 (1974).

The Petitioner does not address the exhaustion question in his brief, but merely alleges that the order is illegal because he was never afforded a hearing prior to the time the order became final, and that as a result, his constitutional rights of due process and equal protection were violated. I presume, therefore, that Petitioner is alleging that any request for reconsideration would have been futile, and should not be required by this court. Courts, however, cannot presume that an administrative appeal will be futile. *Barr v. State Real Estate Commission*, 110 Pa.Commonwealth Ct. 530, 533, 532 A.2d 1236, 1237 (1987). Rather they must assume, if given the chance, that the administrative agency will discover and correct its errors. *Id.*

The Commission states in its brief that it offers a party who seeks reconsideration an administrative hearing if he provides the requested documentation. The rule challenged by Petitioner, 51 Pa.Code § 2.39, provides in pertinent part:

(b) Any party may ask the Commission to reconsider an order within 15 days of service to [sic] the order. The person requesting reconsideration should present a detailed explanation setting forth the reason why the order should be reconsidered. Reconsideration may be granted at the discretion of the Commission only where any of the following occur:

(1) A material error of law has been made.

(2) A material error of fact has been made.

(3) New facts or evidence are provided which would lead to reversal or modification of the order and where these could not be or were not discovered previously by the exercise of due diligence.

While granting reconsideration is discretionary, Petitioner has not presented any evidence which would support a conclusion that he would not have been offered the hearing, had he requested reconsideration, or that this remedy is inadequate to address the questions which he raises.

The majority places great emphasis on the order in which the administrative rules fall, and this court's understanding of "reconsideration" while ignoring the specific language of the rule which sets forth what the Commission is permitted to do on reconsideration. The relevant rule is 51 Pa.Code § 2.38(c) which reads as follows:

If the Commission grants rehearing the Commission may do any of the following:

(1) Order new hearings, pursuant to § 2.34 (relating to general).

(2) Conduct oral argument to dispose of the matter or to determine how to proceed further.

(3) Require further investigation as needed.

(4) Take other actions and issue orders necessary to dispose of the case.

This rule clearly contemplates that a full evidentiary hearing may be required during reconsideration to conclude the matter. The effect of the majority opinion is to condone ignorance of administrative procedures and require this

court to address issues which the legislature has determined should be considered initially by an administrative agency.

As pointed out by the Commission, Order 679 is akin to an order to show cause. Under the general rules of administrative procedure in this state, an answer to an order to show cause must:

> "[B]e drawn so as specifically to admit or deny the allegations or charges which may be made in the order, set forth the facts upon which respondent relies and state concisely the matters of law relied upon. Mere general denials of the allegations of an order to show cause which general denials are unsupported by specific facts upon which respondent relies, will not be considered as complying with this section and may be deemed a basis for entry of a final order without hearing, unless otherwise required by statute, on the ground that the response has raised no issues requiring a hearing or further proceedings. A respondent failing to file answer within the time allowed shall be deemed in default, and relevant facts stated in the order to show cause may be deemed admitted."

1 Pa.Code § 35.37. Because Petitioner failed to make any response to the order, he was in default, and as a result the order became final. The fact that the relief which the Petitioner sought is discretionary does not justify his failure to request such relief. Default judgments are an accepted part of our judicial and administrative process, and will not be lightly overturned by this court. Contrary to the implications contained in the majority opinion, there is no requirement that an order to show cause has to be entitled "Order to Show Cause." Furthermore, the language of the order clearly states that the order is final unless reconsideration is granted. I do not believe more specific language is necessary to inform the Petitioner that failure to ask for reconsideration constitutes an acquiescence in the findings of the report.

Because Petitioner's brief alleges that the order is a violation of his constitutional due process and equal protection rights, I will address the constitutional exception to the exhaustion of administrative remedies doctrine. In order for the constitutional attack exception to apply the "party must show that the challenged statute or regulation clearly and unambiguously violates a constitutionally-secured right." *St. Clair v. Pennsylvania Board of Probation and Parole*, 89 Pa.Commonwealth Ct. 561, 570, 493 A.2d 146, 153 (1985). Furthermore, the attack must be to the statute as a whole, not to how the statute is being applied in a particular case. *Id.* The test to be applied is whether the constitutional question is substantial *and* the statutory remedy inadequate. *Concerned Taxpayers of Beaver County v. Beaver County Board of Assessment*, 75 Pa. Commonwealth Ct. 443, 446, 462 A.2d 347, 349 (1983). A thorough reading of Petitioner's brief leads me to conclude that the Petitioner is attacking how the statute has been applied to him, not facially attacking the validity of the statute itself. While Petitioner alleges that all hearings are discretionary, there is no allegation that hearings do not occur, if parties before the Commission request reconsideration as permitted by the rules. "Due process of law is not denied when prescribed administrative procedure is faithfully pursued upon due notice and with an opportunity to the party to be charged to be heard before the matter becomes final and a right to court review." *Commonwealth v. Lentz*, 353 Pa. 98, 103, 44 A.2d 291, 293 (1945). It is Petitioner's own failure to request reconsideration which resulted in no hearing being made available. Furthermore, by failing to raise these questions before the Commission, Petitioner has not preserved them for appellate review.

Accordingly, I would dismiss the appeal for failure to exhaust administrative remedies.

## ORDER

NOW, September 8, 1989, order no. 679 of the State Ethics Commission, dated September 28, 1988, is vacated,

**480**

and this case is remanded to the commission with a direction that petitioner be afforded opportunity for a hearing in accordance with 51 Pa.Code §§ 2.34–2.38.

Jurisdiction relinquished.

PALLADINO, J., dissents with opinion.