602 A.2d 455

**COLONIAL SCHOOL DISTRICT et al., Petitioners,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1991.

Decided Jan. 15, 1992.

Jeffrey T. Sultanik, for petitioners.

Gregory E. Dunlap, Deputy Gen. Counsel, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

SMITH, Judge.

Before this Court are preliminary objections filed by the Department of Education (Department) to Petitioners' amended petition for review in the nature of a complaint in mandamus. Petitioners are thirteen school districts in Montgomery County (School Districts) who challenge a notification issued to them by the Department and Secretary of Education on or about February 23, 1987 that the Department had "capped" the excess costs of special education reimbursement at a level of eight percent of the School Districts' total budgets, thus denying them $154,403 in reimbursement funds. The School Districts maintain that there was no statutory or regulatory authority on the part of the Department to impose the eight percent cap. The School Districts allege that in 1985 and 1986 they each

prepared and submitted to the Department, through Montgomery County Intermediate Unit No. 23, their respective education plans and budgets.

The Department filed preliminary objections alleging that the School Districts have improperly invoked this Court's jurisdiction without exhausting their administrative remedies; that the amended petition for review fails to state a claim upon which relief may be granted; and that the School Districts had not filed a timely statutory appeal. Because this Court finds that the School Districts have not properly exhausted their administrative remedies, the remaining preliminary objections need not be addressed.

■■■■■ Generally, a court does not have jurisdiction to address an action in law or in equity where an administrative remedy exists. *Barr v. State Real Estate Commission,* 110 Pa.Commonwealth Ct. 530, 532 A.2d 1236 (1987). Further, judicial review without either a proper record or an administrative adjudication would constitute a premature interruption of the administrative process. *Nationwide Mutual Insurance Co. v. Insurance Department,* 136 Pa.Commonwealth Ct. 435, 583 A.2d 507 (1990). The School Districts admit in their amended petition and brief to this Court that they failed to exercise their administrative remedies against the Department, but contend that the Department has prejudged the facts and the law, making pursuit of any administrative remedy futile. They argue that exhaustion of administrative remedies has never been required when the exercise of such administrative remedies would be futile, citing *Ohio Casualty Group of Insurance Cos. v. Argonaut Insurance Co.,* 514 Pa. 430, 525 A.2d 1195 (1987). However, as the Supreme Court has instructed, "courts should not presume futility in the administrative appeal; on the contrary, they should assume that the administrative process will, if given a chance, discover and correct its own errors." *Canonsburg General Hosp. v. Department of Health,* 492 Pa. 68, 74, 422 A.2d 141, 145 (1980).

■   There is clearly an administrative recourse for the School Districts to follow in this matter. The Department's regulatory standards as they existed in 1985 and 1986 provided the following provision relating to its review and approval/disapproval process for special education budgets:

> If a budget or a line item in a budget is disapproved, the intermediate unit shall be entitled to a notice and a hearing in accordance with the Administrative Agency Law (71 P.S. §§ 1710.1–1710.51) and 1 Pa.Code, Part II (relating to general rules of administration and procedure).

22 Pa.Code § 341.71(e)(2) (repealed effective July 1, 1990). These are appropriate administrative remedies available to any intermediate unit or school district that should disagree with the Department's decisions on those plans or budgets. *See Lincoln Intermediate Unit No. 12 v. Department of Education,* 123 Pa.Commonwealth Ct. 102, 553 A.2d 1020 (1989). Since the administrative process in this case is not yet complete, it would be premature for this Court to consider the merits of the School Districts' petition. The Department must be given the opportunity to discover and correct any errors it may have made.

Cases cited by the School Districts for the proposition that the available administrative remedies are either inadequate or incapable of providing the relief sought are inapposite to the determination at hand. Each case involves factual situations not present here. *See Frye Construction, Inc. v. City of Monongahela,* 526 Pa. 170, 584 A.2d 946 (1991) (petitioner in a zoning case could not achieve the desired enforcement remedy of removal of offending structure before the zoning board or other authorities and, thus, appeal to the court was proper); *Ohio Casualty Group* (exhaustion of administrative remedies not required where there was no statutorily prescribed procedure for petitioner to follow); *Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 383 A.2d 791 (1977) (exhaustion not required where relief sought was not within the Public Utility Commission's power to grant); *Marinari v. Department of Environmental*

*Resources,* 129 Pa.Commonwealth Ct. 569, 566 A.2d 385 (1989) (exhaustion of administrative remedies not required where administrative relief was unavailable since DER had not taken an action or issued an order to which the petitioners might have taken an appeal); *Lincoln Intermediate Unit No. 12,* (exhaustion not required where denial of a party's right to a hearing effectively deprived that party of a final determination that could be appealed to this Court); *Joint Bargaining Committee of Pennsylvania Social Services Union, Local # 668 v. Commonwealth,* 109 Pa.Commonwealth Ct. 11, 530 A.2d 962 (1987) (exhaustion not required where petitioners were seeking rulings on the constitutionality of a statute, which question was outside the jurisdiction of an arbiter).

The administrative remedies available to the School Districts are fully adequate and capable of providing review of the Department's action and possible subsequent reimbursement of the funds sought. Accordingly, this Court sustains the Department's preliminary objection that the School Districts have failed to exhaust their administrative remedy and dismisses the amended petition for review.

## ORDER

AND NOW, this 15th day of January, 1992, the preliminary objections of the Department of Education to Petitioners' amended petition for review are sustained and Petitioners' amended petition for review is hereby dismissed.