**CHUBB GROUP OF INSURANCE COMPANIES, Petitioner,**

v.

**DEPARTMENT OF LABOR & INDUSTRY, BUREAU OF WORKER'S COMPENSATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1994.

Decided Feb. 15, 1995.

James F. Pearn, Jr., for petitioner.

Carol L. Cingranelli, for respondent.

Before COLINS, President Judge, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

McGINLEY, Judge.

Chubb Group of Insurance Companies (Petitioner) petitions for review of four determi-

nations of the Bureau of Workers' Compensation (Bureau) which granted an application for fee review filed by the Center for Strength (Provider) pursuant to Section 306(f.1)(5) of The Pennsylvania Workers' Compensation Act (Act).[1] Additionally, the Bureau has filed a motion to quash the petition for review.

Petitioner is the worker's compensation carrier for Thomas Colace Company (Employer). On December 26, 1988, John Coyle (Coyle) suffered a work-related injury to his lower back while working for Employer. Coyle subsequently received medical treatment for his injury from Provider. In November of 1993, Provider filed four applications for fee review pursuant to Section 306(f.1)(5) of the Act, alleging that Petitioner was untimely with its payments. Petitioner alleged that it did not receive notice of the applications.

On June 17, 1994, the Bureau found in favor of the Provider on all four applications and awarded interest to Provider in the amount of ten percent per annum calculated from the date each bill was due. On July 11, 1994, Petitioner requested an "appeal conference" with the Bureau and the Bureau advised Petitioner by letter dated July 29, 1994, that a hearing date would be scheduled. On July 18, 1994, however, before being notified that it would receive a hearing, Petitioner petitioned for review by this Court. On August 17, 1994, the Bureau filed a motion to quash alleging that Petitioner has failed to exhaust its administrative remedies.

Petitioner argues that its due process rights were violated because the fee review determinations were made without notice or an opportunity to be heard.

 Generally, a party is required to exhaust all available administrative remedies before a right to judicial review arises. *Norristown Fraternal Order of Police, Lodge 31 by Roden v. DeAngelis*, 148 Pa.Commonwealth Ct. 285, 611 A.2d 322 (1992). Further, judicial review without either a proper record or an administrative adjudication constitutes a premature interruption of the administrative process. *Colonial School District v. Commonwealth of Pennsylvania, Department of Education*, 145 Pa.Commonwealth Ct. 74, 602 A.2d 455 (1992) (*citing Nationwide Mutual Insurance Co. v. Insurance Department*, 136 Pa.Commonwealth Ct. 435, 583 A.2d 507 (1990)).

 The Bureau notes that Petitioner appealed to this Court without participating in the "appeal conference." Petitioner responds that no appeal procedure was established at the time and as a result, the appeal conference procedure was governed by the General Rules of Administrative Practice and Procedure (GRAPP).[2] Section 35.20 of GRAPP requires that an appeal from an action of a subordinate officer (i.e., the Bureau Director in this case) shall be taken to the agency head (i.e., the Secretary of Labor and Industry). Because the procedure adopted by the Bureau does not comply with the GRAPP, Petitioner argues that it was not required to be followed.

 The Bureau responds by noting that Section 35.185 of GRAPP allows agency heads to designate, *inter alia*, members, examiners or representatives, such as the Bureau Director or hearing officers to preside over an administrative hearing. We note that "courts should not presume futility in the administrative appeal; on the contrary,

---

1. Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of July 2, 1993, P.L. 190, 77 P.S. § 531(5). Section 306(f.1)(5) provides:

 The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6). A provider who has submitted the reports and bills provided by this section and who disputes the amount or timeliness of the payment from employer or insurer shall file an application for fee review with the department. Within thirty (30) days of the filing of such an application, the department shall render an administrative decision.

2. In the Pennsylvania Bulletin, Vol. 24, No. 30, July 23, 1994, the Bureau published a notice of proposed rulemaking which outlined procedures for appeal in these adjudications. The proposed regulations, however, were not approved by the Independent Regulatory Review Commission.

they should assume that the administrative process will, if given a chance, discover and correct its own errors." *Canonsburg General Hospital v. Department of Health*, 492 Pa. 68, 74, 422 A.2d 141, 145 (1980).

Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, states that:

No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

Our Pennsylvania Supreme Court has held an agency's adjudication invalid where it "failed to comply with the statutory requirements of notice of a hearing and an opportunity to be heard." *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 465, 431 A.2d 946, 948 (1981).

In *Hitchings v. State Ethics Commission*, 128 Pa.Commonwealth Ct. 469, 563 A.2d 988 (1989), a city fire captain was found to have violated various sections of the Ethics Act.[3] The Pennsylvania State Ethics Commission issued its decision without holding a hearing to obtain evidence and, following its decision, only provided an opportunity for "reconsideration". We held that the decision was not a valid adjudication because the fire captain was not provided with the opportunity for a full due process hearing at any stage prior to the decision becoming final. Accordingly, we vacated the order and remanded with a direction that the agency conduct a hearing.

In the present case, like *Hitchings*, Petitioner was not provided with a hearing prior to the Bureau's adjudication. We do not consider this fatal, but Petitioner must be provided with an opportunity to challenge any fee review determination at a de novo hearing.

We recognize that Petitioner does have administrative recourse in this matter through participation in the Bureau's "appeal conference" procedure. The difficulty lies in

the use of the phrase "appeal conference" contained in the determination. Such a term is misleading and does not effectively convey the availability of an opportunity to be heard. Because the Bureau chose to ambiguously word its determinations, the Petitioner was not adequately informed of its due process rights. In the Bureau's letter of July 29, 1994, at argument, and in the Bureau's brief, the Bureau states that a de novo hearing will be provided at the "appeal conference," but this information was not contained in the Bureau's first notice.

Based upon the Bureau's misleading choice of terms, we remand the case to the Bureau with instructions to hold an administrative hearing in accordance with GRAPP so that Petitioner may challenge the approval of the four applications for fee review.[4]

### ORDER

AND NOW, to wit, this 15th day of February, 1995, the Determinations of the Bureau of Worker's Compensation dated June 17, 1994, are vacated and this matter is remanded for an administrative hearing. The motion to quash of the Bureau is dismissed as moot.

Jurisdiction is relinquished.

---

**3.** Act of October 4, 1978, P.L. 883, 65 P.S. §§ 401–413.

**4.** Because we are remanding for an administrative hearing the motion to quash for failure to

exhaust administrative remedies is moot. Future notices should advise employers and insurers of their right to de novo review.