## State Board of Education *v.* South Middleton Township School District, Appellant.

Argued March 12, 1968. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

458

*Heath L. Allen,* with him *Metzger, Hafer, Keefer, Thomas and Wood,* for appellant.

*Warren G. Morgan,* Assistant Attorney General, with him *John P. McCord,* Deputy Attorney General, *Edward Friedman,* Counsel General, and *William C. Sennett,* Attorney General, for State Board of Education, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1968:

We are again confronted with an issue once resolved by *Esbenshade v. Department of Public Instruction,* 181 Pa. Superior Ct. 232, 124 A. 2d 478, aff'd on opinion of court below, 387 Pa. 281, 127 A. 2d 678 (1956), i.e., whether the action of the State Board of Education in granting or refusing to grant an application for the change of boundary lines of a school district after land in that district has been annexed by another governmental unit may be judicially re-

viewed. See Public School Code of 1949, Act of March 10, 1949, P. L. 30, §228, as amended, 24 P.S. §2-228 (Supp. 1967). Although *Esbenshade* held that judicial review was not available, appellant contends that certain legislative changes made during the pendency of the *Esbenshade* appeal and after that decision now require a different result. In essence, it contends that review of the State Board of Education decision can be obtained under the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, §1 et seq., as amended, 71 P.S. §1710.1 et seq. Suit was thus brought under the provisions of the Administrative Agency Law in the Court of Common Pleas of Dauphin County and review denied by that court. The Superior Court affirmed without opinion, see 210 Pa. Superior Ct. 761, 231 A. 2d 345 (1967) and we granted allocatur.

For the reasons stated in the opinion of Judge BOWMAN for the Court of Common Pleas of Dauphin County, 86 Dauph. Cty. Reps. 361 (1966), we believe that the principle announced in the *Esbenshade* decision should be reaffirmed and thus hold that the action of the State Board of Education approving the requested change is not subject to judicial review. Cf. *Chartiers Valley Joint Schools v. Allegheny County Board of School Directors*, 418 Pa. 520, 543-45, 211 A. 2d 487, 500-01 (1965).

The orders of the Superior Court and the Court of Common Pleas of Dauphin County are affirmed.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

The majority's reliance upon *Esbenshade v. Department of Public Instruction,* 181 Pa. Superior Ct. 232, 124 A. 2d 478, aff'd on opinion of the court below, 387 Pa. 281, 127 A. 2d 678 (1956), as being dispositive of the instant appeal is completely misplaced. I agree with the majority that *Esbenshade* held that judicial

460

review was not available to determine the propriety of the State Board of Education's action in granting or denying an application for the change of boundary lines of a school district after land in that district has been annexed by another governmental unit. However, that issue is not now before us since appellant is not seeking a judicial review of the board's determination on the merits of the controversy as was the case in *Esbenshade,* but rather is seeking to compel the board to afford it the type of hearing which the legislature intended and which comports with the basic, fundamental rights guaranteed under the due process clause of our Constitution. The substance of the present action is analogous to the institution of a mandamus action to compel the board to grant appellant a hearing in conformity with the board's clear and affirmative nondiscretionary duty under the Public School Code of 1949, P. L. 30, §228, as amended, 24 P.S. §2-228 (Supp. 1967). Section 228 provides in pertinent part as follows: ". . . [T]he Superintendent of Public Instruction shall, within sixty days thereafter, notify the school districts, which will be affected that an application has been received and that a time and place for hearing the application will be determined upon receipt of request from any such district. . . . At the hearing, if one is requested, the proper officials of or the counsel for the districts shall present to the council, or its designated representative, the reasons for approval or disapproval of the application, and the council shall then determine whether such new school district, or independent school district, or union school district, or change in the boundaries of an existing school district of the third or fourth class, is desirable, and whether the welfare of the pupils within the territory affected thereby will be promoted by the creation of such district or change in the boundaries of such existing district."

The record indicates that appellant was notified by the State Board of Education to attend a hearing on April 9, 1965. At that hearing no sworn testimony was taken, no witnesses were cross-examined, no record was made, and only one member of the seventeen member board was in attendance. The lawyers stated their positions, handed up briefs and the "hearing" was adjourned.

The hearing afforded appellant in my view was totally lacking and failed to adhere to the standards as intended by the legislature and the standards imposed by the traditional notions of due process. Since *Esbenshade* is in no way controlling and since the State Board of Education committed serious procedural irregularities, I would reverse the court below and require the board to hold the type of hearing necessary to comply with procedural due process.

I dissent.