529 A.2d 594

Donald F. Mazziotti, Petitioner *v.* Commonwealth of Pennsylvania, State Ethics Commission, Respondent.

Heard July 31, 1987, before President Judge CRUM-LISH, JR.

*Morey M. Myers,* General Counsel, with him, *Andrew H. Cline,* and *Eric B. Schnurer,* Deputy General Counsel, for petitioner.

*Vincent J. Dopko,* General Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 4, 1987:

Acting Commerce Secretary Donald F. Mazziotti has filed a petition for review invoking both this Court's original and appellate jurisdiction, 42 Pa. C. S. §§761,

763, and an application for special relief, pursuant to Pa. R. A. P. 1532(a), requesting this Court to (1) vacate a vote recorded July 21, 1987, by the State Ethics Commission (Commission), (2) direct the Commission to change the vote of Chairman G. Seibert Pancoast so that the record indicates that he was in favor of the motion finding Mazziotti not to be in violation of the Ethics Act,[1] (3) declare that the Commission acted erroneously and unlawfully in refusing to vacate its July 21, 1987 vote, and (4) enjoin the Commission from issuing any written opinion or advice that reflects the majority Commission vote finding a violation of the Act. The Commission has filed an answer to the application for special relief and preliminary objections challenging this Court's original jurisdiction over this matter.

## HISTORY OF THE CASE

Incident to the Senate confirmation proceedings on his nomination for Secretary of Commerce, Mazziotti requested the advice and opinion of the Commission[2] as to the propriety of a severance agreement executed with his previous employer prior to assuming public office. At the conclusion of a public meeting considering Mazziotti's request, the Commission on July 21, 1987, through two votes by a 4-3 margin, (1) rejected a motion finding Mazziotti not to be in violation of the Ethics Act, and (2) adopted a motion finding Mazziotti in violation of that statute were he to serve as Secretary of Commerce.

Upon reflection after the meeting that he *may have* miscast his vote, Chairman Pancoast directed that a special Commission meeting take place on July 28, 1987.

---

[1] Sections 1 to 13 of the Act of October 4, 1978, P.L. 883, 65 P.S. §§401-413.

[2] 65 P.S. §407(9)(i)(ii).

At that emergency meeting, Pancoast announced that he *did in fact* cast his vote in error. However, Pancoast directed the preparation of an opinion consistent with the July 21, 1987 Commission vote and informed Mazziotti of his right to file a petition for reconsideration of that opinion. Counsel to Mazziotti requested immediate reconsideration at that time, but the Commission adjourned without voting on that request.

Section 763 of the Judicial Code vests this Court with *appellate* jurisdiction of all *final* orders of certain government agencies. Section 761 of the Judicial Code delineates our *original* jurisdiction. Mazziotti characterizes his instant action as one in the nature of a writ of error, in mandamus, in the nature of a declaratory judgment and/or as an action in equity.

We turn now to the legal implications and our analysis and conclusion in respect thereto of the varied actions before us.

## ORIGINAL JURISDICTION

Examining initially the Commonwealth's preliminary objection contesting this Court's original jurisdiction, we consider first whether Mazziotti has an adequate remedy in the administrative procedures of the Commission. Section 2.15 of Title 52 Pennsylvania Code states:

> Any person may request within 15 days of service of the opinion that the Commission reconsider its opinion. The person requesting reconsideration should present a detailed explanation setting forth the reasons why the opinion requires reconsideration.

Mazziotti counters that this procedure is inadequate and not designed to handle admitted technical errors of the Commission. He asserts that this Court should exercise its original jurisdiction due to the egregiousness of

the underlying error and the irreparable harm occurring if instant relief is not granted.

In *Canonsburg General Hospital v. Department of Health*, 492 Pa. 68, 422 A.2d 141 (1980), our Supreme Court stated that a party is precluded from challenging administrative decision-making through judicial review, by mandamus or otherwise, without first exhausting prescribed administrative remedies. Moreover, we are instructed that *"courts should not presume futility in the administrative appeal; on the contrary, they should assume that the administrative process will, if given a chance, discover and correct its own errors." Id*. at 74, 422 A.2d at 145 (emphasis added). Indeed, an action in mandamus will not lie where appropriate remedies exist. *Valley Forge Racing Association, Inc. v. State Horse Racing Commission*, 449 Pa. 292, 297 A.2d 823 (1972).

Following these instructions, this Chancellor concludes that this Court lacks original jurisdiction over this matter. The Commission is acting pursuant to a request for advice from Mazziotti. The Commission is not acting outside the scope of its authority or failing to proceed accordingly on the request. The preliminary objections are sustained.

### APPELLATE JURISDICTION

Mazziotti has also invoked this Court's appellate jurisdiction in seeking relief from the Commission's action. A prerequisite for appellate review is the need for a *final* adjudication by an administrative agency. 42 Pa. C. S. §763.

Herein, the pleadings plainly indicate that the Commission has voted on two motions and has represented that an order and opinion reflecting those votes will be immediately forthcoming. Further, the Commission has given notice to Mazziotti that a reconsideration proce-

dure, 52 Pa. Code §2.15, is available and can be used in pursuit of clarification of its decision.

Thus, Mazziotti's invocation of our appellate jurisdiction is premature. No final administrative adjudication has been issued that would permit appellate review by this Court at this time. Hence, that part of the petition for review invoking our appellate jurisdiction is quashed, *sua sponte,* since it is not ripe for review. *Berger v. Department of Environmental Resources,* 42 Pa. Commonwealth Ct. 206, 400 A.2d 905 (1979); 1 G. Darlington, K. McKeon, D. Schuckers & K. Brown, Pennsylvania Appellate Practice §1502:2 at 328 (1986).

CONCLUSION

Herein, an important, independent administrative agency has voiced its desire to comply with its procedural rules to reconsider a decision it previously reached. Mazziotti claims that this relief will be untimely, inappropriate and further damage his reputation.

We are not unsympathetic to his concerns. Notwithstanding that, however, our authority is severely restrained. *Canonsburg.* Unless the totality of the equities and/or harm which will be suffered by the parties and the citizenry are demonstrably severe and immediate, this Court will not call upon its equitable powers in *substitution* for the prescribed procedure of an administrative agency. Moreover, the pursuit of administrative relief from the conduct of a reviewing agency must be so meaningless as to constitute a nullity and the question of law presented so important that a timely decision is mandated.

In its brief, the Commission indicates that it should be able to issue its opinion and reconsider this matter before the Senate reconvenes in late September. This

time frame, which should be adhered to in good faith by the entire Commission, would permit Mazziotti's nomination proceedings to proceed expeditiously.

Finally, we must note that Mazziotti has not asserted that the Commission acted outside its jurisdiction or inconsistent with its regulations.

For these reasons, we deny Mazziotti's application for special relief. The preliminary objections are sustained and the petition for review addressing this Court's original jurisdiction is dismissed. Mazziotti's petition for review addressing our appellate jurisdiction is quashed.

## ORDER

Petitioner's application for special relief is denied.

The preliminary objections are sustained and the petition for review addressed to this Court's original jurisdiction is dismissed. Mazziotti's petition for review addressed to this Court's appellate jurisdiction is quashed.

Stenographic costs incurred for the hearing held July 31, 1987, shall be borne by the petitioner.