555 A.2d 959

Duquesne City School District and The Steelton Highspire School District, Petitioners *v.* Commonwealth of Pennsylvania, Department of Education, Respondent.

Argued February 6, 1989, before Judges CRAIG and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Ira Weiss, Mistick, Sittig* & *Weiss*, with him, *Allen D. Smith*, for petitioners.

Carl H. Shuman, Deputy General Counsel, with him, *Mary Patricia Fullerton*, Assistant Counsel, for respondent.

*Christopher A. Lewis*, Executive Deputy General Counsel, for amicus curiae, The Office of State Inspector General.

OPINION BY JUDGE CRAIG, March 15, 1989:

Duquesne City School District and Steelton High-spire School District have appealed from separate but similar actions of Secretary of Education Thomas K. Gilhool, dated August 17, 1988, in which he invalidated test results, and directed retesting, with respect to specified grade levels and subjects in each of the two districts, in connection with the Testing for Essential Learning and Literacy Skills Program (TELLS) administered by the Secretary under sections 290.1 and 1511.1 of the Public School Code, 24 P.S. §§2-290.1, 15-1511.1,[1] and regulations of the Department of Education at 22 Pa. Code §§3.1-3.12.

Both with respect to the merits of the appeal and the department's motion to quash the appeal, the threshold question in this case is whether those actions of the Secretary constituted adjudications which (1) therefore could be validly issued only pursuant to proper notice and hearing under 2 Pa. C. S. §504, and (2) constituted final determinations subject to appeal. *Mazziotti v. State*

---

[1] Act of March 10, 1949, *as amended*, §§290.1, 1511.1.

*Ethics Commission,* 108 Pa. Commonwealth Ct. 210, 215, 529 A.2d 594, 596 (1987).

The Secretary's actions, communicated to the school districts by letters, were not taken pursuant to any notice or hearing, nor did the letters contain findings and reasons, as 2 Pa. C. S. §507 requires with respect to adjudications.

The Secretary's action invalidated third and fifth grade TELLS scores in reading and math in both schools, and also eighth grade scores in reading in Steelton Highspire, on the basis of administrative reports to the Secretary by the Inspector General, acting for the Governor under 4 Pa. Code §§1.291-1.296. Those sections, adopted by executive order, create and empower the Office of State Inspector General, within the executive office of the Governor. The purpose of the Inspector General's office, among other things, includes keeping "the heads of executive agencies and the Governor fully informed about problems and deficiencies relating to the administration of programs, operations and contracting in executive agencies." 4 Pa. C. S. §1.292(2). The Inspector General has the duty to "[r]efer matters to the heads of executive agencies" whenever the Inspector General "determines that disciplinary or other administrative action is appropriate." 4 Pa. C. S. §1.293(4).

In this case, the Inspector General allegedly learned that the two school districts had breached TELLS security by administering practice tests to students, in advance of actual TELLS testing, using questions from previous TELLS materials. Under 22 Pa. C. S. §3.8, breaches of TELLS security with respect to TELLS questions are prohibited and made subject to disciplinary action.

Under 2 Pa. C. S. §101, an "adjudication" is defined as

[a]ny final order, ... or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.

If the actions of the Secretary, in invalidating specific groups of TELLS scores and requiring retesting, constituted adjudications, then the absence of notice, hearing, findings and reasons would necessarily mean that his actions did not constitute valid adjudications, and the proper action by this court would be to remand and order the Secretary to conduct administrative hearings on the questions. *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981).

A variety of administrative actions, which are substantial and yet ministerial, falls outside the category of adjudications. This court has held that notices of violations issued pursuant to administrative inspections, unaccompanied by punitive sanctions, do not constitute adjudications. *Sunbeam Coal Corp. v. Department of Environmental Resources*, 8 Pa. Commonwealth Ct. 622, 304 A.2d 169 (1973), involved notices of mining law violations which the department issued after conducting on site inspections. Also, our courts have held that the actions of state agencies which revise the boundary lines of school districts do not constitute appealable adjudications. *State Board of Education v. South Middleton Township School District*, 430 Pa. 457, 243 A.2d 350 (1968); *Manheim Township School District v. State Board of Education*, 1 Pa. Commonwealth Ct. 627, 276 A.2d 561 (1971).

However, in contending that each test invalidation and retesting direction is an adjudication, the school districts point out that remedial education reimbursements are allocated on the basis of TELLS results and that the school districts have at least suffered delay in

receiving reimbursements associated with the invalidated tests. They also contend that the invalidation action has caused March 1 and 2, 1988, the days during which testing was conducted, to constitute wasted school days.

On oral argument, counsel for the school districts have contended, in addition, that the action of the Secretary has reflected adversely upon the reputations of the school districts and upon the professional reputations of their respective administrators.

Examination of the Secretary's action, however, leads to the conclusion that it does not affect any personal or property right, it does not negate any privileges or immunities, and it does not impose any duties, obligations or liability on the school districts about which they can have a complaint. Under the TELLS regulations, the Secretary has the authority to establish guidelines requiring school districts "to comply with the Department's established plans for the administration of the TELLS testing program." 22 Pa. Code §3.11. The Secretary's action here consists purely of a ministerial direction that the school districts reiterate certain tests, to insure validity of the results.

Although invalidation of some scores and the occurrence of delay because of retesting may defer the payment of remediation funds to the respective school districts, the Secretary's action does not constitute a decision reducing the entitlement to funds. Indeed, because lower test scores result in entitlement to greater reimbursement, and higher test scores lower reimbursement entitlements, retesting without practice tests could result in lower scores and therefore the receipt of greater funds ultimately.

Although the Secretary's letters made general reference to laws governing the administration of discipline through the annulment of teaching certificates, the Sec-

retary here did not initiate any disciplinary action under the Public School Code, 24 P.S. §§12-1211.

Finally, the school districts contend that the Secretary, by his letters, has "presumably" made a determination, under 22 Pa. Code §3.8, that the school officials have taken actions "willfully designed to divulge test questions, falsify student scores, or in some other fashion compromise the integrity of the TELLS program ... ." However, §3.8 describes such willful actions simply as the basis for a disciplinary action, and, as noted above, the Secretary has not taken or threatened disciplinary action, nor has he instituted any disciplinary charges. The mention of §3.8 in his letters could refer only to "breaches in test security," as mentioned in subsection (c) of §3.8.

Moreover, because the school districts function in the TELLS program solely as agents to carry out the department's responsibility for the program, directions to conduct retesting, for the purpose of insuring better results, cannot be regarded as affecting any property rights, privileges or immunities of the school districts. The Secretary has imposed no liabilities upon them, nor any new duties or obligations beyond the statutory mandate that they carry out local administration of the department's TELLS program.

In no material respect are the "reputations" of the local entities implicated, and their respective administrators have not been given status as parties in an administrative proceeding, as they would be if the Secretary had instituted disciplinary charges. The districts have offered no authority for the innovative concept that political subdivisions might have a property right in reputation.

Every ministerial operation of the Secretary in carrying out the TELLS program cannot be subject to judicial interference and review. That is one of the reasons that

the law requires that the action amount to an adjudication before the courts intervene.

The schools' students are the real parties in interest here, and their interests obviously call for the sound execution of the TELLS program as promptly as possible, without the delay that adjudicative hearings, subject to extensive judicial review, would entail.

Because the Secretary's retesting order here did not constitute an adjudication, there was no appealable action, the stays sought by the districts must be denied and the department's motion to quash must be granted.

### ORDER

NOW, March 15, 1989, petitioners' applications for stays are denied, and respondent's motion to quash this appeal is granted.