582 A.2d 93

**NATIONWIDE MUTUAL INSURANCE COMPANY and Nationwide Mutual Fire Insurance Company, Petitioners,**

v.

**INSURANCE DEPARTMENT OF the COMMONWEALTH of Pennsylvania, and Constance B. Foster, Insurance Commissioner, Respondents.**

Commonwealth Court of Pennsylvania.

Argued June 13, 1990.

Decided Oct. 31, 1990.

Alan R. Boynton, Jr., with him, H. Lee Roussel, Terry R. Bossert and Leslie A. Lewis, McNees, Wallace & Nurick, Harrisburg, for petitioners.

Arthur Selikoff, Asst. Counsel, with him, Victoria A. Reider, Deputy Chief Counsel, and Linda J. Wells, Chief Counsel, Harrisburg, Pa., for respondents.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

COLINS, Judge.

Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company (petitioners) brought two parallel petitions for review of actions taken by the Department of Insurance (Department), both concerning the same

facts and legal issues, one in the Court's original jurisdiction at the instant docket number, and one in the Court's appellate jurisdiction at No. 321 C.D.1990. The Department filed preliminary objections to the petition brought in this Court's original jurisdiction, which objections petitioners have opposed. The factual history of the controversy culminating in these pleadings is outlined as follows.

On or about November 13, 1989, petitioners submitted to the Department a rate change request (first rate filing) seeking an overall rate increase of 6.9% in their private passenger automobile insurance rates, to become effective on May 1, 1990. The Department, by letter dated November 21, 1989, acknowledged receipt of petitioners' November 13, 1989 rate request, and advised petitioners that it was extending the 30–day review period for an additional 30 days, pursuant to Section 4(d) of The Casualty and Surety Rate Regulatory Act (Rate Act), Act of June 11, 1947, P.L. 538, *as amended*, 40 P.S. § 1184(d). The Department also asked petitioners not to deem the increased rates effective as authorized by Section 4(d) of the Rate Act. Petitioners, by letter dated January 3, 1990, informed the Department that they were not waiving their right to deem the increased rates approved.

On December 11, 1989, the Department, acting through its Property and Casualty Bureau, wrote petitioners a letter presenting "questions, comments and/or requests in order to continue its review" of petitioners' requested rate change. Petitioners' counsel responded by letter dated January 11, 1990, explaining that much of the information requested by the Department was archived and not immediately available, but that petitioners were sending part of the information requested, with the remainder to be forwarded by the next day, January 12, 1990. Nevertheless, on January 11, 1990, the Department sent a letter notifying petitioners that, because they had not yet provided the Department with the information requested in the Department's December 11, 1989 letter (or with a satisfactory explanation for not doing so), the Department had deemed petitioners'

first rate filing withdrawn, pursuant to 31 Pa.Code § 129.12. The Department contends, moreover, that on January 12, 1990, petitioners refiled the same rate request (second rate filing), an action that the Department maintains effectively waived petitioners' right to contest the Department's deemed withdrawal of the first rate filing.

Accordingly, on January 17, 1990, the Department issued an order canceling the hearing that had been scheduled regarding petitioners' first rate filing, on the basis that said filing was deemed withdrawn as a matter of law, and closed the docket. Further, on the basis of the enactment of the Act of February 7, 1990, P.L. 8 (Act 6), which prohibited any changes in private passenger automobile insurance rates prior to July 1, 1990, the Department terminated all administrative proceedings regarding petitioners' second rate filing.[1]

Petitioners seek a declaratory judgment that their November 13, 1989 first rate filing is effective by operation of law, pursuant to 40 P.S. § 1184, and that it should not have been deemed withdrawn pursuant to 31 Pa.Code § 129.11, as the Department contends. Petitioners further seek relief in the nature of mandamus by which this Court would require the Department to consider petitioners' first rate filing on November 13, 1989, approved as of 60 days thereafter.

The Department counters that petitioners are not entitled to declaratory relief because the doctrine of primary jurisdiction prevents this Court from assuming jurisdiction of a case which arises from an administrative agency determina-

---

1. Act 6 amended, *inter alia,* the Motor Vehicle Financial Responsibility Law (Law), 75 Pa.C.S. §§ 1701–1799.7. Section 1799.7(d) of the Law, which was added by Act 6, states in pertinent part:
   [A]ll private passenger motor vehicle rates in effect on December 1, 1989, may not be changed so as to be effective prior to July 1, 1990. Any rate requests filed with the commissioner to be effective on or after December 1, 1989, whether or not such requests were approved by the commissioner or by operation of law prior to, on or after December 1, 1989, are hereby disapproved as being in conflict with this chapter.
   75 Pa.C.S. § 1799.7(d).

tion (as in this case, where the Department decided that a particular insurance department regulation applied to petitioners). The Department further argues that the Insurance Commissioner has exclusive jurisdiction of this matter, since it is a question related to rate filings and since an administrative remedy has been provided by statute.

■ The matters from which petitioners seek relief are either the result of Departmental staff decisions, or actions of the Department's Deputy Commissioner in peremptorily ordering the hearing officer to cancel petitioners' hearing regarding the disputed deemed withdrawal issue and to close the docket, as well as shortening the period within which petitioners could appeal. Clearly, the latter action constitutes a final, appealable order and an appeal was timely filed in this Court's appellate jurisdiction at No. 321 C.D.1990, briefed and argued on September 12, 1990, before this Court sitting en banc and a decision on the merits is pending.

Accordingly, this Court has no original jurisdiction over these matters. Historically, it has been held that "[a] court of equity ... must refrain from exercising its jurisdiction when there exists an adequate statutory remedy." *Arsenal Coal Company v. Department of Environmental Resources*, 505 Pa. 198, 208, 477 A.2d 1333, 1338 (1984). A similar rationale was followed in *Mazziotti v. Pennsylvania State Ethics Commission*, 108 Pa. Commonwealth Ct. 210, 529 A.2d 594 (1987), where this Court held that it lacked original jurisdiction over administrative decision-making, where other appropriate remedies existed. Similarly, in this case, we grant the Department's preliminary objections, based solely upon our lack of jurisdiction. However, we are further constrained to note that the Department's averments of mootness, based upon Act 6, are without merit.

■ The Department argues that Act 6, enacted on February 7, 1990, and effective April 15, 1990, renders moot the relief sought by petitioners, in that all rate requests filed with the Commissioner to be effective prior to July 1, 1990

are prohibited. Since petitioners' first rate filing set forth rates to become effective May 1, 1990, the Department argues that petitioners' requested relief cannot be entertained by the Court. We disagree. This Court has determined that "Section 1799.7(d) ... is unconstitutional on its face insofar as it purports to roll back rates which were approved before February 7, 1990." *State Farm Mutual Automobile Insurance Company v. Insurance Department*, 133 Pa. Commonwealth Ct. 644, 651, 577 A.2d 951, 955 (1990) (footnote omitted). The *State Farm* decision was not appealed and is controlling as the law of the Commonwealth. Thus, the instant petition for review would not be rendered moot by Act 6 even if the matter were properly in our original jurisdiction.

Accordingly, we grant the Department's preliminary objections.

## ORDER

AND NOW, this 31st day of October, 1990, the Department's preliminary objections as to jurisdiction are sustained. The Petition for Review directed to this Court's original jurisdiction is dismissed.