583 A.2d 507

**NATIONWIDE MUTUAL INSURANCE COMPANY and Nationwide Mutual Fire Insurance Company, Petitioners,**

**v.**

**INSURANCE DEPARTMENT OF the COMMONWEALTH OF PENNSYLVANIA and Constance B. Foster, Insurance Commissioner, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1990.

Decided Dec. 3, 1990.

436

Alan R. Boynton, Jr., with him, H. Lee Roussel, Terry R. Bossert, and Jeffrey B. Clay, McNees, Wallace & Nurick, Harrisburg, for petitioners.

Richard J. Enterline, Asst. Counsel, with him, Arthur Selikoff, Asst. Counsel, Victoria A. Reider, Deputy Chief Counsel, and Linda J. Wells, Chief Counsel, Harrisburg, for respondents.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, SMITH, KELLEY and BYER, JJ.

BYER, Judge.

Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company (collectively, Nationwide) have filed a petition for review in the nature of an appeal from the Department of Insurance's action which deemed a request for rate increases withdrawn.[1] The department has moved to dismiss the petition.[2]

On November 12, 1989, Nationwide submitted a request to the department seeking a 6.9% increase in its private passenger automobile rates, to become effective May 1, 1990. The department acknowledged Nationwide's request but extended the thirty-day review period for an additional thirty days as authorized pursuant to section 4(d) of the Casualty and Surety Rate Regulatory Act (rate act), Act of June 11, 1947, P.L. 538, *as amended*, 40 P.S. § 1184(d), and requested that Nationwide not deem the rates approved.

On December 13, 1989, Nationwide received a telefaxed copy of a letter from the department dated December 11, 1989, stating that the department had completed its initial review of the filing, but that it had some "questions, comments and/or requests," which it set forth in the letter (8a). This letter was signed by John D. Booth, an actuary working for the department, and addressed to Jill L. Tiburzio, an actuarial assistant at Nationwide. All previous correspondence from the department had been signed by

1. Nationwide filed a separate petition for review addressed to our original jurisdiction challenging this same action by the department. In a separate opinion, we concluded that we did not have original jurisdiction because the department's action constituted "a final, appealable order" reviewable under our appellate jurisdiction. *Nationwide Mutual Insurance Co. v. Insurance Department*, 135 Pa.Commonwealth Ct. 652, 656, 582 A.2d 93, 95 (1990). In other words, we held in that case that Nationwide's proper mode of review is in this case.

2. On April 10, 1990, we deferred consideration of the motion to dismiss until consideration of the merits.

Patrick V. Musick, Director of the Bureau of Property and Casualty Rate and Policy Review.

On January 3, 1990, Nationwide informed the department that it would not waive its right to deem the rate filing approved. On January 11, 1990, Nationwide replied to the department's December 11, 1989 letter with a partial response to the department's questions, but explained that much of the information requested was archived and not immediately available; Nationwide said it would forward the information the next day, January 12, 1990. Nevertheless, on January 11, 1990, the department's deputy commissioner notified Nationwide that its rate filing was deemed withdrawn by operation of law pursuant to 31 Pa.Code § 129.12. The department based the deemed withdrawal upon Nationwide's failure to provide the information requested in the December 11, 1989 letter or to give a satisfactory explanation for failing to do so.

The department informed Nationwide that it could appeal the deemed withdrawal to the insurance commissioner. Nationwide acknowledged this option, but chose to appeal to this court.[3] The department had scheduled a hearing on the November 12, 1989 rate filing for January 17, 1990, but the department cancelled the hearing and closed the docket on the rate filing because of the deemed withdrawal.

Nationwide asserts in its petition for review that the rate filing should have been deemed *approved* on January 11, 1990, based upon section 4(d) of the rate act, 40 P.S. § 1184(d), which provides:

[E]ach filing shall be on file for a waiting period of thirty (30) days before it becomes effective, which period may be extended by the Commissioner for an additional period not to exceed thirty (30) days upon written notice within

**3.** On January 12, 1990, Nationwide, filed a second rate filing identical to the November 12, 1989 filing. This second rate filing, if not disapproved, could have been deemed approved but for the enactment of Act 1990–6 on February 7, 1990, which prohibited any changes in private passenger automobile insurance rates prior to July 1, 1990. The department terminated all administrative proceedings concerning the second rate filing on February 7, 1990, the effective date of Act 6. The propriety of this termination is not before us.

such waiting period to the insurer or rating organization which made the filing.... *A filing shall be deemed to meet the requirements of this Act and to become effective unless disapproved, as hereinafter provided, by the Commissioner within the waiting period or any extension thereof.*

(Emphasis added.) Nationwide contends that because the department did not *disapprove* the rate filing, it must be deemed approved.

Nationwide also contends its rate request could not be deemed withdrawn pursuant to 31 Pa.Code § 129.12,[4] because the department did not comply with the requirements of 31 Pa.Code § 129.11.[5] Specifically, Nationwide asserts that the department's December 11, 1989 letter was not a formal request for additional information pursuant to 31 Pa.Code § 129.11, because: (1) the letter did not include language indicating it was a 31 Pa.Code § 129.11 request; (2) the letter was from a lower level actuary of the department to an actuarial assistant for Nationwide, instead of from Mr. Musick, who had signed all previous correspondence; and (3) the letter was not docketed by the department as a formal request for additional information which would trigger the running of the thirty-day period under 31 Pa.Code § 129.12. Nationwide also contends that even if the December 11, 1989 letter were a proper request for information pursuant to 31 Pa.Code § 129.11, the informa-

4. 31 Pa.Code § 129.12 provides:
 If the company fails to provide the Department with the requested information within 30 days from the date of the request or fails to offer a satisfactory written explanation as to why such information was not made available, the captioned filing will be deemed to have been withdrawn and the company will be so notified.

5. 31 Pa.Code § 129.11 provides in pertinent part:
 If, within the first 30 days following the receipt of a rate filing, the Department finds that without additional information it is unable to determine whether such filing meets the requirements of the applicable rate regulatory act, *the insurer will be requested to submit such additional information within 30 days from the date of the request.*
 (Emphasis added.)

tion it supplied to the department was sufficient to preclude any deemed withdrawal.

The department has moved to dismiss the petition, claiming: (1) Nationwide failed to exhaust its administrative remedies because it did not appeal the deemed withdrawal to the insurance commissioner; (2) Nationwide waived its right to challenge the deemed withdrawal of the initial rate request or rendered its challenge moot by filing an identical second rate request; and (3) Act 1990–6 renders the petition for review moot.

### Exhaustion of Administrative Remedies

█ The exhaustion of administrative remedies requirement is a judicially-created principle intended to prevent the judiciary from usurping the functions of administrative agencies. *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 451 A.2d 434 (1982). As we stated in *St. Clair v. Pennsylvania Board of Probation and Parole*, 89 Pa.Commonwealth Ct. 561, 568, 493 A.2d 146, 152 (1985):

> The primary purpose of the exhaustion doctrine is to ensure that claims will be heard, as a preliminary matter, by the body having expertise in this area. This is particularly important where the ultimate decision rests upon factual determinations lying within the expertise of the agency or where agency interpretations of relevant statutes or regulations are desirable. In addition, the exhaustion doctrine provides the agency with the opportunity to correct its own mistakes.

"Judicial review without a proper record or an administrative adjudication would constitute the '[p]remature interruption of the administrative process.'" *Canonsburg General Hospital v. Department of Health*, 492 Pa. 68, 69, 422 A.2d 141, 144 (1980), *quoting Delaware Valley Convalescent Center, Inc. v. Beal*, 488 Pa. 292, 296, 412 A.2d 514, 516 (1980). However, in this case, judicial review is subsequent to an administrative adjudication.

In *Nationwide Mutual Insurance Co. v. Insurance Department,* 135 Pa.Commonwealth Ct. 652, 582 A.2d 93 (1990) (en banc), we considered Nationwide's attempt to mount an original jurisdiction challenge to the deemed withdrawal in question, and we held:

> The matters from which petitioners seek relief are either the result of Departmental staff decisions or actions of the Department's Deputy Commissioner in peremptorily ordering the hearing officer to cancel petitioners' hearing regarding the disputed deemed withdrawal issue and to close the docket, as well as shortening the period within which petitioners could appeal. Clearly, the latter action constitutes a final, appealable order and an appeal was timely filed in this Court's appellate jurisdiction....

135 Pa.Cmwlth. at 656, 582 A.2d at 94. Because we held that a final adjudication existed, Nationwide properly appealed to this court pursuant to section 17 of the rate act, *as amended,* 40 P.S. § 1197(c) (Supp.1990).

### Second Rate Filing

 The department argues that Nationwide's second rate filing renders the appeal moot or that, by submitting the second rate filing, Nationwide waived its right to challenge the deemed withdrawal. The department cites no authority for this argument, but asserts that the subsequent rate filing implicitly acted to withdraw a prior "as-yet-unapproved"; rate filing for the same line of insurance. This argument fails for two reasons: (1) the first rate filing was not "as-yet-unapproved," but instead had been deemed withdrawn; and (2) the two rate filings had different effective dates. We, therefore, hold that the second filing does not preclude Nationwide from obtaining review of the department's deeming the initial rate filing withdrawn.

### Act 1990–6

 The department also argues that Act 6 renders Nationwide's petition moot. Nationwide's first rate filing, if

approved, would have become effective May 1, 1990. The department relies on the language of section 7(d) of Act 6, 75 Pa.C.S. § 1799.7(d) [6]. However, we recently held this section unconstitutional in *State Farm Mutual Automobile Insurance Co. v. Insurance Department,* 133 Pa.Commonwealth Ct. 644, 577 A.2d 951 (1990) (en banc).

In *State Farm,* certain rate filings had been deemed approved by operation of law on January 15, 1990. On February 7, 1990, Act 6 became effective and, pursuant to section 1799.7(d), the insurer's rates were rolled back to the rates which were in effect on December 1, 1989. We held that for purposes of due process, the insurer had acquired a property interest in the new rates because the deemed approval of the rate filing activated a new contract between State Farm and its policy holders. "[T]he Act provides no mechanism for review or recoupment of new approved rates rolled back to December 1, 1989." *Id.,* 133 Pa.Commonwealth Ct. at 651, 577 A.2d at 954. Thus, the mere enactment of Act 6 does not render Nationwide's rate filing moot, because if deemed approved, Nationwide would have obtained a property interest as of May 1, 1990, the date its higher rates would have become effective.

### Merits

With respect to the merits of its petition, Nationwide asserts that the department improperly deemed the rate filing withdrawn when, in fact, the rate filing should have been deemed approved by operation of law. The department disagrees and objects to the petition for review claiming that because Nationwide failed to comply with the December 11, 1989 letter requesting additional information,

6. Section 1799.7 provides:
 Notwithstanding any provisions of the law to the contrary, all private passenger motor vehicles rates in effect on December 1, 1989, may not be changed so as to be effective prior to July 1, 1990. Any rate requests filed with the commissioner to be effective on or after December 1, 1989, whether or not such requests were approved by the commissioner or by operation of law prior to, on or after December 1, 1989, are hereby disapproved as being in conflict with this chapter.

the department properly deemed the rate filing withdrawn pursuant to 31 Pa.Code § 129.12.

First, we shall consider whether the rate filing was properly deemed withdrawn. The department's December 11, 1989 letter states that the department has "questions, comments and/or requests in order to continue its review." Nationwide asserts that this letter cannot be considered as a request for additional information pursuant to 31 Pa.Code § 129.11 so as to trigger the deemed withdrawal provision of 31 Pa.Code § 129.12. We agree.

To support its argument that the December 11, 1989 letter was not a section 129.11 request, Nationwide asserts that (1) the letter did not mention section 129.11; and (2) the letter did not request that Nationwide respond within thirty days. Moreover, the department did not docket the letter to indicate that it was a formal request under 31 Pa.Code § 129.11 and expected a reply within thirty days. Further, Nationwide asserts that because this letter was signed by a lower level employee of the department, while all other correspondence concerning the rate filing had been signed by Mr. Musick, Nationwide would not logically assume that it was a section 129.11 request.

The department counters simply by stating that the detailed information request made it obvious that the letter was a formal request pursuant to section 129.11. After careful review of the December 11, 1989 letter, we hold it did not adequately inform Nationwide that the request was pursuant to section 129.11 thereby invoking the deemed withdrawal provision of section 129.12.[7]

The consequences of a deemed withdrawal under 31 Pa. Code § 129.12 are severe. Before there can be any forfeiture of rights under this section because of a failure to respond to a request for information, the department must expressly advise the recipient of an information request

7. Nationwide argues in the alternative that even if the letter was a section 129.11 request, it sufficiently complied with the request and gave adequate explanation that the remainder of the information was archived. Because we hold that the letter was not a section 129.11 request, we need not address Nationwide's alternative argument.

that it is a request under section 129.11. In a civil action, we would not impose sanctions for a party's failure to provide information which the opposing party requests in a letter not designated as a formal discovery request. We certainly will impose no lesser standard of specificity on the department here, especially considering the severe sanction which the department seeks to impose.

■ Because we hold that the department improperly deemed the rate filing withdrawn, we must now address the merits of Nationwide's argument that, in fact, the rate filing was deemed approved. As stated earlier, a "filing shall be deemed to meet the requirements of this act and to become effective *unless disapproved* ... by the Commissioner within the waiting period or any extension thereof." 40 P.S. § 1184(d) (emphasis added). The department extended the waiting period sixty days from the initial filing of November 12, 1989. Thus, the department had until January 12, 1990, to disapprove Nationwide's rate filing before it was deemed approved. The department did not disapprove the request by January 12, 1990. In fact, the department *could not disapprove* of the request by that date because section 5(a) of the rate act provides: "Upon the review at any time by the Commissioner of a filing he shall, before issuing an order of *disapproval*, hold a hearing upon not less than ten (10) days written notice." 40 P.S. § 1185(a).

The administrative hearing on the filing had been scheduled for January 17, 1990. This hearing would have been an empty formality, because the rate filing should have been acted upon by January 12, 1990 or deemed approved. Thus, the only method available for the department to prevent deemed approval of the filing was to attempt to deem the request withdrawn. Although, as Judge Doyle wrote for the court in *State Farm*, "[w]e recognize and sympathize with the laudable goal of trying to contain escalating insurance costs," 133 Pa.Commonwealth Ct. at 651, 577 A.2d at 954, we hold that the department cannot

accomplish this goal in violation of procedural requirements imposed by law.

We reverse the order of the department and hold that Nationwide's rate filing of November 12, 1989 is deemed approved and in effect as of May 1, 1990.

## ORDER

In accordance with the accompanying opinion, we reverse the order of the Insurance Department.